FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LAURA R.,

Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

No. 2:20-CV-00354-JAG

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 25. Attorney David Lybbert represents Laura R. (Plaintiff); Special Assistant United States Attorney Danielle Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 28, 2018, alleging disability beginning February 28, 2018, due to mental health, bipolar I, depression, anxiety, stress, high blood pressure, and polycystic kidney disease. Tr. 92-93. The application was denied initially and upon reconsideration.

Tr. 122-25, 129-31. Administrative Law Judge (ALJ) Glenn Meyers held a hearing on November 19, 2019, Tr. 35-78, and issued an unfavorable decision on February 12, 2020. Tr. 15-30. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on July 30, 2020. Tr. 1-5. The ALJ's February 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 30, 2020. ECF No. 1.

## II.   STATEMENT OF FACTS

Plaintiff was born in 1985 and was 32 years old when she filed her application. Tr. 92. She has her GED and has worked sporadically doing cleaning and working at Subway. Tr. 223, 240, 349. She had a difficult childhood and was abused as a child and by her spouse. Tr. 348. She was previously on SSI benefits from 2010 through 2016, but her benefits were stopped due to non-compliance with a continuing disability review. Tr. 79-90, 717-19. She testified at the hearing that she experiences significant impairment from polycystic kidney disease and mental health conditions.

## III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V. ADMINISTRATIVE DECISION

On February 12, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: polycystic kidney disease, depressive disorder, posttraumatic stress disorder, anxiety disorder, polysubstance abuse in remission, and attention deficit hyperactivity disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following additional limitations:

> She is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments. She cannot have contact with the general public. She is capable of working in proximity to but not in coordination with co-workers. She can have occasional contact with supervisors. She can engage in occasional stooping and crouching. She cannot engage in crawling, kneeling, or climbing ramps, stairs, ropes, ladders, or scaffolds. She will be 5% less productive than the average worker in the workplace and will be absent from work four times per year.

Tr. 19.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 28.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of small products assembler, marker, and tagger. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 30.

## VI. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly assessing Plaintiff's subjective statements; (2) failing to properly consider all of Plaintiff's non-exertional limitations in the RFC; (3) failing to consider Plaintiff's mental conditions in a "longitudinal" fashion; and (4) failing to consider Plaintiff's prior award of benefits or to give it res judicata effect.

## VII. DISCUSSION

### A. Prior Application.

Plaintiff previously received supplemental security income from 2010 through 2016, based on a 2012 ALJ decision finding her incapable of engaging in sustained full-time work activity. Tr. 83-90. Benefits were terminated in May 2016 when Plaintiff failed to comply with a continuing disability review. Tr. 717-19. Plaintiff filed the current application for benefits in February 2018. Tr. 92. Plaintiff argues now that the ALJ erred in failing to give res judicata effect to the prior fully favorable decision, absent a showing of improvement, and asserts the record shows Plaintiff has the same, if not more, physical problems now as she had in 2012. ECF No. 18 at 15-19.[1]

In *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), the Ninth Circuit established a presumption of continuing non-disability arising from a previous unfavorable ALJ decision. (Adopted by SSA in Acquiescence Ruling 97-4(9)).

---

[1] Plaintiff also asserts ALJ Meyers did not explain why hypertension was no longer considered to be a severe impairment in the 2020 decision. ECF No. 18 at 16. However, ALJ Meyers found hypertension to be non-severe at step two and explained his findings. Tr. 18.

However, the Ninth Circuit has held that no similar presumption exists for a favorable ALJ decision when benefits are later terminated. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172-73 (9th Cir. 2008). Plaintiff cites no authority for her argument that the 2012 ALJ decision should be given res judicata effect.

To the extent Plaintiff's arguments constitute an implied request to reopen the prior application and cessation in 2016, such an action by the ALJ is not generally a reviewable decision for this court to consider. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996).

**B. <u>Plaintiff's Symptom Statements.</u>**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 18 at 6-8, 10-11.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. Specifically, the ALJ found Plaintiff's allegations to be undermined by lack of support from the treatment records, inconsistent reports of symptoms, Plaintiff's demonstrated functional ability, evidence that her last employment ended for reasons unrelated to her disability, and evidence of exaggeration of symptoms. Tr. 20-24.

Plaintiff argues the ALJ selectively cited the evidence, mentioning only the positive aspects of the record. ECF No. 18 at 6-8, 10-11. She specifically challenges the ALJ's interpretation of the evidence of exaggeration and lack of acute distress, and asserts the record supports her testimony of severe limitations from her polycystic kidney disease. *Id.* Defendant argues the ALJ gave multiple valid reasons for finding Plaintiff's reports to be unreliable, noting Plaintiff failed to challenge several of the ALJ's proffered reasons. ECF No. 25 at 14-18. Defendant argues the ALJ's interpretation of the evidence, particularly regarding exaggeration and lack of support for the physical claims, is well-supported and consistent with the testimony of the medical expert and the lack of any imposed restrictions from any treating doctor. *Id.*

The Court finds the ALJ did not err. An ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ found Plaintiff's reports of persistent nausea and vomiting were inconsistent with her regular denial of these symptoms. Tr. 21. A claimant's daily activities may also support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found Plaintiff's allegations of persistent debilitating pain and social difficulty to be inconsistent with evidence of her ability to caretake for her two children, one of whom has mental impairments of his own, and Plaintiff's ability to spend time with friends, do physical activities, and attend church. Tr. 24. The Court finds the ALJ's interpretation of the record is reasonable. "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found the objective findings throughout the record to not be supportive of the extent of Plaintiff's alleged limitations.

While the ALJ offered other reasons that are not supported by substantial evidence, any such error was harmless. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid).

**C. Medical Opinions.**

Plaintiff argues the ALJ failed to formulate an RFC that adequately reflected her mental impairments, as he omitted limitations recommended by the state agency doctors and improperly rejected the opinions from Dr. Genthe. ECF No. 18 at 11-15.[2]

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant,

---

[2] Plaintiff includes these arguments under other headings, but for clarity's sake the Court will address the medical opinion evidence separately from other arguments.

any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

**1. *State Agency Doctors.***

Plaintiff argues the ALJ ignored the opinions of the state agency doctors, who opined Plaintiff would have moderate impairments in her ability to maintain

focus and concentration and complete a normal workday or workweek. ECF No. 18 at 12-13. Defendant argues the ALJ was not required to address each individual rating in various work-related categories, but was only required to discuss the narrative functional limitations included in the opinions. ECF No. 25 at 10.

The ALJ did not err. The narrative portions of the opinions included the explicit functional limitations that the doctors assigned to Plaintiff, including that she was able to carry out simple tasks despite some difficulty with concentration, persistence, and pace. Tr. 101, 117. The ALJ reasonably relied on the narrative section of the opinions in formulating Plaintiff's RFC. *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).

**2. *Consultative Examiner Dr. Thomas Genthe.***

Plaintiff attended three consultative exams with Dr. Thomas Genthe, in May 2018, June 2018, and June 2019. Tr. 348-53, 355-59, 511-18. At each exam he diagnosed Plaintiff with major depressive disorder, PTSD, ADHD, and substance abuse in remission, and in June 2018 also diagnosed other specified personality disorder. Tr. 350, 359, 514. He assessed various levels of impairment, with overall moderate limitations after the first exam and marked impairment by the third exam. Tr. 351, 359-60, 515. In each opinion Dr. Genthe stated Plaintiff was unlikely to function adequately in a work setting until her psychiatric symptoms were more effectively managed. Tr. 351, 360, 515-16.

The ALJ found these opinions unpersuasive. Tr. 28. He reasoned that the marked limitations were inconsistent with the longitudinal record showing no more than moderate findings, and found the opinions were unsupported by any contemporaneous review of records, inconsistent with the mental status exams, and internally inconsistent. *Id.* The ALJ further found Dr. Genthe did not provide adequate medical explanation for the greater limitations in the later opinions, which the ALJ found suggested Dr. Genthe relied on Plaintiff's reports and not the objective evidence. *Id.*

Plaintiff argues the ALJ erred by failing to consider that the opinions were consistent with each other and with other psychological reports from years earlier, and that the ALJ failed to acknowledge Dr. Genthe's statements that Plaintiff was unlikely to function adequately in a work setting. ECF No. 18 at 14. Defendant argues the ALJ reasonably considered the record, including Dr. Genthe's own statements regarding the validity of testing, the mild to moderate results on mental status exams, and the lack of explanation for the increase in limitations from one opinion to the next. ECF No. 25 at 10-13. Defendant further notes the ALJ considered the opinions' consistency with the longitudinal record, and reasonably found the opinions at odds with the treatment records. *Id.* at 13.

The Court finds the ALJ did not err. He considered the two most important factors, consistency, and supportability. The ALJ's interpretation of the longitudinal record as being inconsistent with the marked limitations opined by Dr. Genthe is reasonable, in light of Plaintiff's generally unremarkable presentation during medical appointments and with her counselor. The ALJ also reasonably found Dr. Genthe's opinions to be unsupported by any contemporaneous record review and to contain some internal inconsistency, such as Dr. Genthe's statement in June 2018 that Plaintiff was unlikely to function adequately in a work setting but also was able to maintain a regular schedule and complete a 40-hour workweek. Tr. 359-60. The Court finds the ALJ's discussion is supported by substantial evidence.

**D. Residual Functional Capacity (RFC).**

Plaintiff makes various other arguments throughout her briefing, including that the ALJ erred in formulating an RFC that does not include adequate absenteeism limitations and in not taking a "longitudinal view" of her mental

impairments. ECF No. 18 at 11-15.[3] Plaintiff does not point to any evidence supporting her allegation that she would miss work at least once per month, other than her own statements, which the ALJ offered sufficient reasons for discounting. Plaintiff does not assert any specific legal argument regarding the ALJ not taking a longitudinal view of the record, other than with respect to the issues discussed above. Therefore, the Court finds no error in the ALJ's formulation of the RFC.

## VII. CONCLUSION

The Court has reviewed the record and the ALJ's findings and the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

---

[3] The header of section B of Plaintiff's argument referring to evidence submitted to the Appeals Council appears to be in error as no evidence was submitted to the Appeals Council and the body of the argument contains no discussion of any such error. ECF No. 18 at 11-13.